# U.S. Bankruptcy Court
## Southern District of California

In re:

ROSEMARY A. PRESSER

Bankruptcy Case No. 14-00392-MM7

Debtor

ROSEMARY A. PRESSER

Adversary Proceeding No. 14-90046-MM

Plaintiff

v.

EMPLOYMENT DEVELOPMENT DEPARTMENT OF THE STATE OF CALIFORNIA

Defendant

### SUMMONS IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

**Address of Clerk**

> Clerk, U.S. Bankruptcy Court
> Southern District of California
> 325 West F Street
> San Diego, California 92101

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

**Name and Address of Plaintiff's Attorney**

> Steven E. Cowen
> 2727 Camino Del Rio South, Suite 131
> San Diego, CA 92108

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGEMENT BY THE BANKRUPTCY COURT AND JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Date Issued:

04/3/2014

*Barry K. Lander, Clerk Of Court*

CSD 3007

CSD 3007 (Page 2) [10/01/12]

## PROOF OF SERVICE

I, Sarah C. Hovey , certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

I further certify that the service of this summons and a copy of the complaint was made ___4/4/14___ . _____ by:
[date]

[X] Mail Service: C.R.R.R.    postage fully pre-paid, addressed to:

See attachment 1.

[ ] Personal Service: By leaving the documents with the following defendants or an officer or agent of the defendant at:

[ ] Residence Service: By leaving the documents with the following adult at:

[ ] Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

[ ] Publication: The defendant was served as follows: [describe briefly]

[ ] State Law : The defendant was served pursuant to the laws of the State of _____, as follows: [describe briefly]

If serve was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

4/4/2014
[Date]                                        [Signature]

| Print Name | Sarah C. Hovey |
| Business Address | 2727 Camino Del Rio S. Ste 131 |
| City San Diego | State CA | ZIP 92108 |

CSD 3007

## Attachment 1

## Method of Service: Certified Return Receipt Requested.

1. Employment Development Department, Attention Officers or Managing Agents, P.O. Box 826880, Sacramento, CA 94280-001
2. Nancy Wolf, Trustee, P.O. Box 420448, San Diego, CA 92142

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Rosemary A. Presser | DEFENDANTS<br>Employment Development Department |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Steven E. Cowen, Esq., S.E. Cowen Law<br>2727 Camino Del Rio S., Ste. 131, San Diego, CA 92108<br>(619) 202-7511 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Recover Monies and Set Aside Preferential Transfer Pursuant to 11 USC 522(h).

---

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☒ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☒ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br>(continued next column) | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>    (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 2,571.94 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Rosemary A. Presser | BANKRUPTCY CASE NO.<br>14-00392-MM7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California | DIVISION OFFICE<br>San Diego | NAME OF JUDGE<br>Hon. Margaret Mann |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>4/2/14 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Steven E. Cowen, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1  Steven E. Cowen, Esq.  State Bar #132988
    S. E. COWEN LAW
2  2727 Camino del Rio South, Suite 131
    San Diego, California 92108
3  Telephone: (619) 202-7511
    Facsimile:  (619) 489-0431
4  cowen.steve@secowenlaw.com

5  Attorneys for Rosemary A. Presser

6

7

8                    **U.S. BANKRUPTCY COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11

| In Re: | Case number: 14-00392-MM7 |
|---|---|
| Rosemary A. Presser, | Chapter 7 |
|       Debtor. | COMPLAINT TO RECOVER MONIES AND SET ASIDE PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 522(h); |
| Rosemary A. Presser, | |
|       Plaintiff, | |
|     vs, | |
| Employment Development Department, | |
|       Defendant. | |

**JURISDICTION:**

This complaint is filed pursuant to 11 U. S. C. § 522 (h) to set aside a transfer of Debtor's exempt property to the Defendant, Employment Development Department (hereinafter "Defendant"). This Court has jurisdiction under 28 U.S.C. § 1334. This proceeding is a core proceeding.

///

## FACTS:

On January 23, 2014, the Debtor, Rosemary A. Presser, (hereinafter "Plaintiff" or "Debtor"), commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code.

Prior to plaintiff's Bankruptcy filing, plaintiff owed defendant $25,907.74 on an unsecured account. As a result, a judgment was entered against plaintiff. Pursuant to said judgment, on October 11, 2013, an Earnings Withholding Order was served by the Sacramento County Sheriff's Department on plaintiff employer. See Exhibit "A."

**I.    Debtor has standing to obtain the return of wages garnished within 90 days of filing bankruptcy.**

11 U.S.C. § 522 (h) and (i) of the Bankruptcy code allows a debtor to stand in the shoes of a trustee and avoid a wage garnishment by a judgment creditor within 90 days of the filing of Bankruptcy if the debtor can claim an exemption in these funds.

11 U.S.C. § 522 (h) states:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if-(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724 (a) of this title or recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522 (g)(1) states:

(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property;

11 U.S.C. § 547 (b) states:

(B) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property-
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent
(4) made-
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of a filing of the

2
Complaint

Steven E. Cowen, Esq.
S. E. Cowen Law
2727 Camino del Rio South, Suite 131
San Diego, CA 92108
Telephone: (619) 202-7511
Fax: (619) 489-0431
cowen.steve@secowenlaw.com

petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if
(A) the case were a case under Chapter 7 of this title;
(B) the transfer has not been made: and
(C) such creditor received payment of such debt to the extent provided by provisions of this title.
… (E)(3) For the purpose of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

11 U.S.C. 522(I) states as follows:

(1) If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitation of section 550 of this title, the same as if the trustee had avoided such transfer and may exempt any property so recovered under subsection (b) of this section.
(2) Notwithstanding section 551 of this title, a transfer avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, under subsection (f) or (h) of this section, or property recovered under section 553 of this title may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.

The debtor must prove the following to avoid the garnishment:

1. The wages garnished must be exempt;
2. The transfer must be avoidable;
3. The trustee must not have attempted to avoid the transfer;
4. The debtor did not attempt to conceal the property;
5. The transfer must have been involuntary.

Here, no objection has been filed to the Debtor's claim of exemption of the garnished wages. The garnished wages were listed in the schedules and claimed as exempt via an amendment to the petition dated March 20, 2013, and the time permitted to object to debtor's exemptions expires on April 20, 2012. Furthermore, by definition a garnishment is involuntary.

11 U.S.C. 522(h) and (I) specifically state the debtor can use the trustee's Section 547 avoiding power to recover exempt garnished wages. This section of the code would have no meaning without the debtor being able to use the trustee's avoidance power to protect exempt property.

Steven E. Cowen, Esq.
S.E. Cowen Law
2727 Camino del Rio South, Suite 131
San Diego, CA 92108
Telephone (619) 202-7511
Fax. (619) 489-0431
cowen.steve@secowenlaw.com

1  The Debtor has standing to avoid this garnishment and the garnished funds

2  should be turned over to the Debtor. From approximately October 26, 2013 through

3  January 11, 2014, a total of $2,571.94 of Plaintiff's wages were garnished by Defendant

4  through Plaintiff's employer, for payment of an antecedent debt, as follows and as

5  evidenced by EXHIBIT "B."

6  A) Pay-Stub Dated: November 8, 2013: $424.49

7  B) Pay-Stub Dated: November 22, 2013: $424.49

8  C) Pay-Stub Dated: December 6, 2013: $424.49

9  D) Pay-Stub Dated: December 20, 2013: $447.14

10  E) Pay-Stub Dated: January 3, 2014: $425.61

11  F) Pay-Stub Dated: January 17, 2014: $425.72

12  **TOTAL**                    $2,571.94

13
14
15  The above reference transfer to Defendant's on account of the antecedent debt

16  to it, while Plaintiff was insolvent, enabled Defendants to receive more than they would

17  have received if the transfer had not been made, since Defendants would have received

18  no dividend in Plaintiff's bankruptcy case. Plaintiff exempted said funds on her

19  Bankruptcy petition schedule C via amendment dated March 20, 2014. Moreover, the

20  Trustee has not attempted to avoid this transfer.

21  The transfer to Defendant of Plaintiff's exempt monies was neither voluntary nor

22  did Plaintiff conceal any of the property involved. Accordingly, the preferential transfer of

23  $2,571.94 should be set aside and the funds retained by Defendant returned to plaintiff.

24
25  //
26  //
27  //
28  //

Steven E. Cowen, Esq.
S.E. COWEN LAW
2727 Camino del Rio South, Suite 131
San Diego, CA 92108
Telephone: (619) 202-7511
Fax: (619) 489-0431
cowen.steve@sscowenlaw.com

4
Complaint

## CONCLUSION

WHEREFORE, Plaintiff prays for the Court to Order Defendant to release the monies garnished and retained from Debtor's wages during the 90 day period preceding the filing of the instant Bankruptcy Petition, to Plaintiff's attorney of record, S. E. Cowen Law Firm.

Date: 4/2/14

Steven E. Cowen, Esq.

Steven E. Cowen, Esq.
S. E. Cowen Law
2727 Camino del Rio South, Suite 131
San Diego, CA 92108
Telephone: (619) 202-7511
Fax: (619) 489-0431
cowen.steve@secowenlaw.com

5
Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Steven E. Cowen, Esq,
S. E. Cowen Law
2727 Camino del Rio South, Suite 131
San Diego, CA 92108
Telephone: (619) 202-7511
Fax: (619) 489-0431
cowen.steve@secowenlaw.com

**EXHIBIT A**

res-ncsilsmrfxl-19    10/17/2013 9:59:55 AM    PAGE    13/020    Fax Server

WG-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | LEVYING OFFICER (Name and address): |
|---|---|
| **Employment Development Department**<br>Cashier-Benefit Recov. MIC 96 PO Box 826806, Sacramento, CA 94206-0001<br><br>TELEPHONE NO.: **(800) 676-5737**    FAX NO.: **Fax: (916) 464-2477**<br>E-MAIL ADDRESS<br>ATTORNEY FOR (Name): **In propria persona** | **Sacramento County Sheriff's Office**<br>**Sheriff's Civil Bureau**<br>**3341 Power Inn Road, #313**<br>**Sacramento, CA  95826-3889**<br><br>**(916) 875-2665**<br>**Fax: (916) 875-2664**<br><br>**California Relay Service Number**<br>**(800) 735-2929 TDD or 711** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Sacramento**
STREET ADDRESS: **720 9th Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Sacramento, Ca  95814**
BRANCH NAME: **Sacramento Co. Superior Court-720**

PLAINTIFF/PETITIONER: **State of California, Employment Development Department**
DEFENDANT/RESPONDENT: **Rosemary A. Presser**

| **EARNINGS WITHHOLDING ORDER**<br>**(Wage Garnishment)** | LEVYING OFFICER FILE NO.:<br>**2013031692** | COURT CASE NO.:<br>**34-2012-90056023** |
|---|---|---|

**EMPLOYEE:** *KEEP YOUR COPY OF THIS LEGAL PAPER.*    **EMPLEADO:** *GUARDE ESTE PAPEL OFICIAL.*

**EMPLOYER:** Enter the following date to assist your recordkeeping.
Date this order was received by employer (specify the date of personal delivery by levying officer
or registered process server or the date mail receipt was signed):

TO THE EMPLOYER REGARDING YOUR EMPLOYEE:

| Name and address of employer | Name and address of employee |
|---|---|
| Wells Fargo Trade Capital Services, Inc.<br>c/o CSC<br>2710 N Gateway Oaks Dr #150<br>~~Sacramento, CA  95833~~<br>Attn: Payroll | Rosemary A. Presser<br>6015 Gullstrand St<br>San Diego, CA  92122 |
| | Social Security No. [X] on form WG-035 [ ] unknown |

1. A judgment creditor has obtained this order to collect a court judgment against your employee. You are directed to withhold part of the earnings of the employee (*see instructions on reverse of this form*). Pay the withheld sums to the levying officer (*name and address above*).

   If the employee works for you now, you must give the employee a copy of this order and the *Employee Instructions* (form WG-003) within 10 days after receiving this order.

   Complete both copies of the form *Employer's Return* (form WG-005) and mail them to the levying officer within 15 days after receiving this order, whether or not the employee works for you

2. The total amount due is: $ **25,907.74**

   Count 10 calendar days from the date when you received this order. If your employee's pay period ends before the 10th day, do not withhold earnings payable for that pay period. Do withhold from earnings that are payable for any pay period ending on or after that 10th day.

   Continue withholding for all pay periods until you withhold the amount due. The levying officer will notify you of an assessment you should withhold in addition to the amount due. Do not withhold more than the total of these amounts. Never withhold any earnings payable before the beginning of the earnings withholding period.

3. The judgment was entered in the court on *(date):* **12/7/2012**

   The judgment creditor (*if different from the plaintiff*) is (*name*):

4. The *INSTRUCTIONS TO EMPLOYER* on the reverse tell you how much of the employee's earnings to withhold each payday and answer other questions you may have.

Date: **10/11/2013**

Sacramento Sheriff's Authorized Agent
_____
(TYPE OR PRINT NAME)

(Employer's Instructions on reverse)

Scott R. Jones
Sheriff

▶ **A. CARNEY**
_____
(SIGNATURE)
[X] LEVYING OFFICER   [ ] REGISTERED PROCESS SERVER

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>WG-002 [Rev. July 1, 2013] | **EARNINGS WITHHOLDING ORDER**<br>**(Wage Garnishment)**<br>**Employee's Copy** | Code of Civil Procedure, §§ 706.022, 706.108, 706.123<br>www.courts.ca.gov<br><br>776457 |
|---|---|---|

Fax Server                3/14/2014 11:32 AM   PAGE  15/021   Fax Server
res-ncsilsmrfx1-19    10/17/2013 9:59:55 AM   PAGE  14/020   Fax Server

## INSTRUCTIONS TO EMPLOYER ON EARNINGS WITHHOLDING ORDERS

WG-002

The instructions in paragraph 1 on the reverse of this form describe your early duties to provide information to your employee and the levying officer.

Your other duties are TO WITHHOLD THE CORRECT AMOUNT OF EARNINGS (if any) and PAY IT TO THE LEVYING OFFICER during the withholding period.

The withholding period is the period covered by the Earnings Withholding Order (this order). The withholding period begins ten (10) calendar days after you receive the order and continues until the total amount due, plus additional amounts for costs and interest (which will be listed in a levying officer's notice), is withheld.

It may end sooner if (1) you receive a written notice signed by the levying officer specifying an earlier termination date, or (2) an order of higher priority (explained on the reverse of the EMPLOYER'S RETURN) is received.

You are entitled to rely on and must obey all written notices signed by the levying officer.

The Employer's Return (form WG-005) describes several situations that could affect the withholding period for this order. If you receive more than one Earnings Withholding Order during a withholding period, review that form (Employer's Return) for instructions.

If the employee stops working for you, the Earnings Withholding Order ends after no amounts are withheld for a continuous 180-day period. If withholding ends because the earnings are subject to an order of higher priority, the Earnings Withholding Order ends after a continuous two-year period during which no amounts are withheld under the order. Return the Earnings Withholding Order to the levying officer with a statement of the reason it is being returned.

### WHAT TO DO WITH THE MONEY

The amounts withheld during the withholding period must be paid to the levying officer by the 15th of the next month after each payday. If you wish to pay more frequently than monthly, each payment must be made within 10 days after the close of the pay period.

Be sure to mark each check with the case number, the levying officer's file number, if different, and the employee's name so the money will be applied to the correct account.

### WHAT IF YOU STILL HAVE QUESTIONS?

The garnishment law is contained in the Code of Civil Procedure beginning with section 706.010. Sections 706.022, 706.025, 706.050, and 706.104 explain the employer's duties.

The Federal Wage Garnishment Law and federal rules provide the basic protections on which the California law is based. Inquiries about the federal law may be answered by mail, telephone, or personal interview at any office of the Wage and Hour Division of the U.S. Department of Labor. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.

> **THE CHART BELOW AND THESE INSTRUCTIONS APPLY UNDER NORMAL CIRCUMSTANCES. THEY DO NOT APPLY TO ORDERS FOR THE SUPPORT OF A SPOUSE, FORMER SPOUSE, OR CHILD.**

The chart below shows HOW MUCH TO WITHHOLD when the state minimum wage is $8.00 per hour, for different amounts of disposable earnings (as described in the Computation Instructions) and different pay periods. If the minimum wage changes in the future, the levying officer will provide a chart showing the new withholding rates.

### COMPUTATION INSTRUCTIONS

State and federal law limits the amount of earnings that can be withheld. The limitations are based on the employee's disposable earnings, which are different from gross pay or take-home pay.

To determine the CORRECT AMOUNT OF EARNINGS TO BE WITHHELD (if any), compute the employee's disposable earnings.

(A) Earnings include any money (whether called wages, salary, commissions, bonuses, or anything else) that is paid by an employer to an employee for personal services. Vacation or sick pay is subject to withholding as it is received by the employee. Tips are generally not included as earnings since they are not paid by the employer.

(B) Disposable earnings are the earnings left after subtracting the part of the earnings a state or federal law requires an employer to withhold. Generally these required deductions are (1) federal income tax, (2) federal social security, (3) state income tax, (4) state disability insurance, and (5) payments to public employee retirement systems. Disposable earnings will change when the required deductions change.

After the employee's disposable earnings are known, use the chart below to determine what amount should be withheld. In the column listed under the employee's pay period, find the employee's disposable earnings. The amount shown below that is the amount to be withheld. For example, if the employee is paid disposable earnings of $1000 twice a month (semi-monthly), the correct amount to withhold is 25 percent each payday, or $250.

The chart below is based on the state minimum wage that is in effect on July 1, 2013. It will change when the minimum wage changes. Restrictions are based on the minimum wage effective at the time the earnings are payable.

Occasionally, the employee's earnings will also be subject to a Wage and Earnings Assignment Order, an order available from family law courts for child, spousal, or family support. The amount required to be withheld for that order should be deducted from the amount to be withheld for this order.

> ### IMPORTANT WARNINGS
>
> 1. IT IS AGAINST THE LAW TO FIRE THE EMPLOYEE BECAUSE OF EARNINGS WITHHOLDING ORDERS FOR THE PAYMENT OF ONLY ONE INDEBTEDNESS. No matter how many orders you receive, so long as they all relate to a single indebtedness (no matter how many debts are represented in that judgment), the employee may not be fired.
>
> 2. IT IS ILLEGAL TO AVOID AN EARNINGS WITHHOLDING ORDER BY POSTPONING OR ADVANCING THE PAYMENT OF EARNINGS. The employee's pay period must not be changed to prevent the order from taking effect.
>
> IT IS ILLEGAL NOT TO PAY AMOUNTS WITHHELD FOR THE EARNINGS WITHHOLDING ORDER TO THE LEVYING OFFICER. Your duty is to pay the money to the levying officer who will pay the money in accordance with the law that applies to this case.
>
> IF YOU VIOLATE ANY OF THESE LAWS YOU MAY BE HELD LIABLE TO PAY CIVIL DAMAGES AND YOU MAY BE SUBJECT TO CRIMINAL PROSECUTION!

### MAXIMUM WITHHOLDING FROM DISPOSABLE EARNINGS BY PAY PERIOD

**MINIMUM WAGE: $8.00 per hour**                    (Beginning July 1, 2013)

| Daily or Weekly | Every Two Weeks | Twice a Month | Monthly |
|---|---|---|---|
| $320.00 or less in workweek: No withholding | $640.00 or less: No withholding | $693.33 or less: No withholding | $1386.67 or less: No withholding |
| From $320.01 to $426.66: Amount above $320.00 | From $640.01 to $853.32: Amount above $640.00 | From $693.34 to $924.39: Amount above $693.33 | From $1386.68 to $1852.36: Amount above $1386.67 |
| $426.67 or more: 25% of disposable earnings | $853.33 or more: 25% of disposable earnings | $924.40 or more: 25% of disposable earnings | $1852.37 or more: 25% of disposable earnings |

WG-002 [Rev. July 1, 2013]

**EARNINGS WITHHOLDING ORDER**
(Wage Garnishment)

**WG-003**

## HOW DO YOU ASK FOR AN EXEMPTION?

1. Call or write the levying officer for three (3) copies each of the forms called "Claim of Exemption" and "Financial Statement." These forms are free. The name and address of the levying officer are in the big box on the right at the top of the EWO.

2. Fill out both forms. On the forms are some sentences or words which have boxes ☐ in front of them. The box means the words which follow may not apply to your case. If the words do apply, put a check in the box.

   Remember, it is your job to prove with the Financial Statement form that your earnings are needed for support. Write down the details about your needs.

3. For example, if your child has special medical expenses, tell which child, what illnesses, who the doctor is, how often the doctor must be visited, the cost per visit, and the costs of medicines. These details should be listed in item 6. If you need more space, put "See attachment 6" and attach a typed 8½ by 11 sheet of paper on which you have explained your expenses in detail.

4. You can use the Claim of Exemption form to make an offer to the judgment creditor to have a specified amount withheld each pay period. Complete item 3 on the form to indicate the amount you agree to have withheld each pay day during the withholding period. (Be sure it's less than the amount to be withheld otherwise.) If your creditor accepts your offer, he will not oppose your claim of exemption. (See (1) below.)

5. Sign the Claim of Exemption and Financial Statement forms. Be sure the Claim of Exemption form shows the address where you receive mail.

6. Mail or deliver two (2) copies of each of the two forms to the levying officer. Keep one copy for yourself in case a court hearing is necessary.

Do not use the Claim of Exemption and Financial Statement forms to seek a modification of child support or alimony payments. These payments can be modified only by the family law court that ordered them.

*FILE YOUR CLAIM OF EXEMPTION AS SOON AS POSSIBLE FOR THE MOST PROTECTION.*

## ONE OF TWO THINGS WILL HAPPEN NEXT

(1) The judgment creditor will not oppose (object to) your claim of exemption. If this happens, after 10 days the levying officer will tell your employer to stop withholding or withhold less from your earnings. The part (or all) of your earnings needed for support will be paid to you or paid as you direct. And you will get back earnings the levying officer or your employer was holding when you asked for the exemption.

—OR—

(2) The creditor will oppose (object to) your claim of exemption. If this happens, you will receive a Notice of Opposition and Notice of Hearing on Claim of Exemption, in which the creditor states why your exemption should not be allowed. A box in the middle of the Notice of Hearing tells you the time and place of the court hearing which will be in about ten days. Be sure to go to the hearing if you can.

If the judgment creditor has checked the box in item 3 on the Notice of Hearing on Claim of Exemption, the creditor will not be in court. If you are willing to have the court make its decision based on your Financial Statement and the creditor's Notice of Opposition, you need not go to the hearing.

The Notice of Opposition to Claim of Exemption will tell you why the creditor thinks your claim should not be allowed. If you go to the hearing, take any bills, paycheck stubs, cancelled checks, or other evidence (including witnesses) that will help

you prove your Claim of Exemption and Financial Statement are correct and your earnings are needed to support yourself or your family.

Perhaps you can even prove the Notice of Opposition is wrong. For example, perhaps the Notice of Opposition states that the judgment was for a 'common necessary of life.' This term is generally taken by courts to mean only the essentials that everyone needs to live; sometimes a court will have to decide the matter. For example, while coat may be a 'common necessary, a fur coat may not be.

If the judge at the hearing agrees with you, your employer will be ordered to stop withholding your earnings or withhold less money. The judge can even order that the EWO end before the hearing (so you would get some earnings back).

If the judge does not agree with you, the withholding will continue unless you appeal to a higher court. The rules for appeals are complex so you should see an attorney if you want to appeal.

If you have one court hearing, you should not file another Claim of Exemption about the same EWO unless your finances have gotten worse in an important way.

If your EWO is to be changed or ended, the levying officer must sign the notice to your employer of the change. He may give you permission to deliver it to the employer, or it can be mailed.

## WHAT HAPPENS TO YOUR EARNINGS IF YOU FILE A CLAIM OF EXEMPTION?

Your employer must continue to hold back part of your earnings for the EWO until he receives a notice signed by the levying officer to change the order or end it early.

The levying officer will keep your withheld earnings until your Claim of Exemption is denied or takes effect. At that time your earnings will be paid according to the law that applies to your case

## REGARDING CHILD SUPPORT

If you are obligated to make child support payments, the local child support agency may help you to have an Order Assigning Salary or Wages entered. This order has the top priority claim on your earnings. When it is in effect, little or no money may be

available to be withheld for an EWO. And, if the local child support agency is involved in collecting this support from you, it may agree to accept less money if this special order is entered.

## WHAT IF YOU STILL HAVE QUESTIONS?

If you cannot see an attorney, or don't want to see an attorney, you might be able to answer some of your questions by reading the law in a law library. Ask the law librarian to help you find sections 706.050 and 706.105 of the California Code of Civil Procedure. Other sections of the code, beginning with section 706.010 may also answer some of your questions.

Also, the office of the Wage and Hour Division of the U.S. Department of Labor may be able to answer some of your questions. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.

WG-003 [Rev. July 1, 2006]

**EMPLOYEE INSTRUCTIONS**
**(Wage Garnishment)**

Page 2 of 2

### NOTICE TO EMPLOYER/EMPLOYEE OF FEES, COSTS AND INTEREST

The amount shown on the face of the Earnings Withholding Order (EWO) is the amount that would satisfy the judgment if it is paid immediately in one lump sum upon service of this Earnings Withholding Order upon the employer.

If the judgment is not satisfied as stated in the paragraph above, the amount to payoff this Earnings Withholding Order shall include fees, interest and other costs. **It is important to note that payment of the fees, interest and other costs does not reduce the judgment amount.**

- **ASSESSMENT FEE**
  For each disbursement of monies, the Levying Officer shall assess a processing fee of twelve dollars ($12). This fee is mandated by Government Code 26746, which states, in part:

  "In addition to any other fees required by law, a processing fee of twelve dollars ($12) shall be assessed for each disbursement of money collected under a writ of attachment, execution, possession, or sale ..."

- **INTEREST**
  Interest accrues at the rate of up to 10 percent per annum, on the principal amount of a money judgment remaining unsatisfied. (Code of Civil Procedures 685.010, subject to change)

  If a money judgment is partially satisfied, interest ceases to accrue as to the part satisfied on the date the part is satisfied. (Code of Civil Procedures 685.030)

- **COSTS**
  Other costs may be incurred and shall be added to the amount to be satisfied.
  (Code of Civil Procedures 685.095)

**Employer shall continue to withhold until all interest, fees, and costs are paid in full.**

If you feel the earnings withholding order is approaching satisfaction, you should call the Levying Officer to obtain a final payoff balance.

CCP 706.032 (a) except as otherwise provided by statute:
  (1) If withholding under an earnings withholding order ceases because of the judgment debtor's employment has terminated, the earnings withholding order terminates at the conclusion of a continuous 180-day period during which no amounts are withheld under the order.
  (2) If withholding under a earnings withholding order ceases because the judgment debtor's earnings are subject to an order or assignment of higher priority, the earnings withholding order terminates at the conclusion of a continuous two-year period during which no amounts are withheld under the order.
  **(b) If an earnings withholding order has terminated pursuant to subdivision (a), the employer SHALL return the order to the levying officer along with a statement of the reasons for returning the order.**

**Note: Include the Sheriff's "File Number" on all checks, correspondence, and communications regarding this wage garnishment.**

776457

Fax Server                    3/14/2014 11:32 AM   PAGE   21/021    Fax Server
res-ncsilsmrfxl-19   10/17/2013 9:59:55 AM   PAGE   20/020    Fax Server

This page intentionally left blank.

1
2
3
4
5
6
7                                **EXHIBIT B**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Steven E. Cowen, Esq.
S. E. Cowen Law
2727 Camino del Rio South, Suite 131
San Diego, CA 92108
Telephone: (619) 202-7511
Fax: (619) 489-0431
cowen.steve@secowenlaw.com

**B10 WELLS FARGO BANK N A**
101 NORTH PHILLIPS AVENUE
SIOUX FALLS, SD 57104

HR Wells: 1-877-479-3557

| | | |
|---|---|---|
| ROSEMARY ANA PRESSER | Employee ID: | 00001374565 |
| 8015 GULLSTRAND ST | AU#/CC#: | 0031629 |
| SAN DIEGO, CA 92122 | Location: | SDIEGO6165 |
| | Job Title: | LOAN DOC SPECIALIST 3 |
| | Pay Begin Date: | 10/20/2013 |
| | Pay End Date: | 11/02/2013 |
| | Check Date: | 11/08/2013 |

| TAX DATA: | Federal | CA State |
|---|---|---|
| Marital Status: | Single | S/M-2 inc |
| Allowances: | 10 | 10 |
| Addl. Amount: | 0.00 | 0.00 |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 1,920.00 | 1,837.17 | 216.03 | 722.91 | 981.06 |
| YTD | 36,819.92 | 35,175.51 | 4,686.99 | 5,207.00 | 26,925.93 |

### HOURS AND EARNINGS

| Description | Rate | Current Hours | Current Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|
| Regular Pay | 24.00000 | 70.00 | 1,680.00 | 1,356.50 | 32,556.00 |
| PTO - Week Ending 10/26/2013 | 24.00000 | 10.00 | 240.00 | 58.50 | 1,404.00 |
| OverTimePay | | | | | |
| MTGE Share Referral | | | | 20.50 | 738.00 |
| Holiday | | | | 24.00 | 1,000.00 |
| WFHM Staff Incentive | | | | | 576.00 |
| OverTimePay - Override | | | | | 263.16 |
| Amount | | | | | 1.96 |
| Double Time | | | | | |
| Shift Premium 15% | | | | 4.50 | 216.00 |
| Shift Premium-OT | | | | 13.50 | 48.60 |
| | | | | 9.00 | 16.20 |
| **TOTAL:** | | **80.00** | **1,920.00** | **1,486.50** | **36,819.92** |

### TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholdng | 25.26 | 843.27 |
| Fed MED/EE | 26.92 | 519.13 |
| Fed OASDI/EE | 115.09 | 2,219.71 |
| CA Withholdng | 30.19 | 746.86 |
| CA OASDI/EE | 18.57 | 358.02 |
| **TOTAL:** | **216.03** | **4,686.99** |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| HRAMedBCBS | 52.62 | 841.92 |
| Den Enhnce | 9.21 | 147.36 |
| VSP Vision | 1.80 | 28.80 |
| WF 401k | 19.20 | 626.33 |
| **TOTAL:** | **82.83** | **1,644.41** |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| OPTNL Life | 28.15 | 383.80 |
| AD&D - You | 0.75 | 12.00 |
| Optnl LTD | 6.91 | 109.31 |
| WF Roth | 19.20 | 566.21 |
| LTC | 75.08 | 1,201.28 |
| WFSPP | 84.00 | 864.00 |
| WGPS01 Writ of Garnishment | ←424.49→ | ←424.49→ |
| Company Fee | 1.50 | 1.50 |
| **TOTAL:** | **640.08** | **3,562.59** |

### NET PAY DISTRIBUTION

| Check | Paycheck Number | Issue Check | Account Number | Deposit Amount |
|---|---|---|---|---|
| | 7192082 | Issue Check | | 981.06 |
| **TOTAL:** | | | | **981.06** |

**B10 WELLS FARGO BANK N A**
**101 NORTH PHILLIPS AVENUE**
**SIOUX FALLS, SD 57104**

HR Wells: 1-877-479-3557

**ROSEMARY ANA PRESSER**
6015 GULLSTRAND ST
SAN DIEGO, CA 92122

| | |
|---|---|
| Employee ID: | 00001374565 |
| AU#/CC#: | 0031629 |
| Location: | SDIEGO6165 |
| Job Title: | LOAN DOC SPECIALIST 3 |
| Pay Begin Date: | 11/03/2013 |
| Pay End Date: | 11/16/2013 |
| Check Date: | 11/22/2013 |

| TAX DATA: | Federal | CA State |
|---|---|---|
| Marital Status: | Single | S/M-2 inc |
| Allowances: | !0 | 10 |
| Addl. Amount: | 0.00 | 0.00 |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 1,920.00 | 1,837.17 | 216.02 | 722.91 | 981.07 |
| YTD | 38,739.92 | 37,012.68 | 4,903.01 | 5,929.91 | 27,907.00 |

## HOURS AND EARNINGS

| | | Current | | YTD | | | TAXES | |
|---|---|---|---|---|---|---|---|---|
| **Description** | **Rate** | **Hours** | **Earnings** | **Hours** | **Earnings** | **Description** | **Current** | **YTD** |
| Regular Pay | 24.00000 | 72.00 | 1,728.00 | 1,428.50 | 34,284.00 | Fed Withholdng | 25.26 | 868.53 |
| Holiday - Week Ending | 24.00000 | 8.00 | 192.00 | 32.00 | 768.00 | Fed MED/EE | 26.91 | 546.04 |
| 11/16/2013 | | | | | | Fed OASDI/EE | 115.10 | 2,334.81 |
| PTO - Week Ending | | | | 58.50 | 1,404.00 | CA Withholdng | 30.19 | 777.05 |
| 10/26/2013 | | | | | | CA OASDI/EE | 18.56 | 376.58 |
| OverTimePay | | | | 20.50 | 738.00 | | | |
| MTGE Share Referral | | | | | 1,000.00 | | | |
| WFHM Staff Incentive | | | | | 263.16 | | | |
| OverTimePay - Override | | | | | 1.96 | | | |
| Amount | | | | | | | | |
| Double Time | | | | 4.50 | 216.00 | | | |
| Shift Premium 15% | | | | 13.50 | 48.60 | | | |
| Shift Premium-OT | | | | 9.00 | 16.20 | | | |
| **TOTAL:** | | **80.00** | **1,920.00** | **1,566.50** | **38,739.92** | **TOTAL:** | **216.02** | **4,903.01** |

## BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| HRAMedBCBS | 52.62 | 894.54 |
| Den Enhnce | 9.21 | 156.57 |
| VSP Vision | 1.80 | 30.60 |
| WF 401k | 19.20 | 645.53 |
| **TOTAL:** | **82.83** | **1,727.24** |

## AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| OPTNL Life | 28.15 | 411.95 |
| AD&D - You | 0.75 | 12.75 |
| Optnl LTD | 6.91 | 116.22 |
| WF Roth | 19.20 | 585.41 |
| LTC | 75.06 | 1,276.36 |
| WFSPP | 84.00 | 948.00 |
| WGPS01 Writ of Garnishment | 424.49 | 848.98 |
| Company Fee | 1.50 | 3.00 |
| **TOTAL:** | **640.08** | **4,202.67** |

## NET PAY DISTRIBUTION

| | Paycheck Number | | Account Number | Deposit Amount |
|---|---|---|---|---|
| Direct Deposit | 61645076 | Checking | XXXXX3810 | 981.07 |
| **TOTAL:** | | | | **981.07** |

**B10 WELLS FARGO BANK N A**
101 NORTH PHILLIPS AVENUE
SIOUX FALLS, SD 57104

HR Wells: 1-877-479-3557

**ROSEMARY ANA PRESSER**
6015 GULLSTRAND ST
SAN DIEGO, CA 92122

| Employee ID: | 00001374565 |
|---|---|
| AU#/CC#: | 0031629 |
| Location: | SDIEGO6165 |
| Job Title: | LOAN DOC SPECIALIST 3 |
| Pay Begin Date: | 11/17/2013 |
| Pay End Date: | 11/30/2013 |
| Check Date: | 12/06/2013 |

| TAX DATA: | Federal | CA State |
|---|---|---|
| Marital Status: | Single | S/M-2 inc |
| Allowances: | 10 | 10 |
| Addl. Amount: | 0.00 | 0.00 |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 1,920.00 | 1,837.17 | 216.03 | 722.91 | 981.06 |
| YTD | 40,659.92 | 38,849.85 | 5,119.04 | 6,652.82 | 28,888.06 |

### HOURS AND EARNINGS

| Description | Current Rate | Current Hours | Current Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|
| Regular Pay | 24.00000 | 61.00 | 1,464.00 | 1,489.50 | 35,748.00 |
| PTO - Week Ending 11/30/2013 | 24.00000 | 11.00 | 264.00 | 69.50 | 1,668.00 |
| Holiday - Week Ending 11/30/2013 | 24.00000 | 8.00 | 192.00 | 40.00 | 960.00 |
| OverTimePay | | | | 20.50 | 738.00 |
| MTGE Share Referral | | | | | 1,000.00 |
| WFHM Staff Incentive | | | | | 263.16 |
| OverTimePay - Override | | | | | 1.96 |
| Amount | | | | | |
| Double Time | | | | | |
| Shift Premium 15% | | | | 4.50 | 216.00 |
| Shift Premium-OT | | | | 13.50 | 48.60 |
| **TOTAL:** | | 80.00 | 1,920.00 | 9.00 | 16.20 |
| | | | | 1,646.50 | 40,659.92 |

### TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholding | 25.26 | 893.79 |
| Fed MED/EE | 26.92 | 572.96 |
| Fed OASDI/EE | 115.09 | 2,449.90 |
| CA Withholdng | 30.19 | 807.24 |
| CA OASDI/EE | 18.57 | 395.15 |
| **TOTAL:** | 216.03 | 5,119.04 |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| HRAMedBCBS | 52.62 | 947.16 |
| Den Enhnce | 9.21 | 165.78 |
| VSP Vision | 1.80 | 32.40 |
| WF 401k | 19.20 | 664.73 |
| **TOTAL:** | 82.83 | 1,810.07 |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| WGPS01 Writ of Garnishment | 424.49 | 1,273.47 |
| Company Fee | 1.50 | 4.50 |
| OPTNL Life | 28.15 | 440.10 |
| AD&D - You | 0.75 | 13.50 |
| Optnl LTD | 6.91 | 123.13 |
| WF Roth | 19.20 | 604.61 |
| LTC | 75.08 | 1,351.44 |
| WFSPP | 84.00 | 1,032.00 |
| **TOTAL:** | 640.08 | 4,842.75 |

### NET PAY DISTRIBUTION

| | Paycheck Number | | Account Number | Deposit Amount |
|---|---|---|---|---|
| Direct Deposit | 61914884 | Checking | XXXXX3810 | 981.06 |
| **TOTAL:** | | | | 981.06 |

**B10 WELLS FARGO BANK N A**
101 NORTH PHILLIPS AVENUE
SIOUX FALLS, SD 57104

HR Wells: 1-877-479-3557

**ROSEMARY ANA PRESSER**
6015 GULLSTRAND ST
SAN DIEGO, CA 92122

| | |
|---|---|
| Employee ID: | 00001374565 |
| AU#/CC#: | 0031629 |
| Location: | SDIEGO6165 |
| Job Title: | LOAN DOC SPECIALIST 3 |
| Pay Begin Date: | 12/01/2013 |
| Pay End Date: | 12/14/2013 |
| Check Date: | 12/20/2013 |

**TAX DATA:**

| | Federal | CA State |
|---|---|---|
| Marital Status: | Single | S/M-2 inc |
| Allowances: | 10 | 10 |
| Addl. Amount: | 0.00 | 0.00 |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 2,046.96 | 1,962.86 | 252.38 | 748.10 | 1,046.48 |
| YTD | 42,706.88 | 40,812.71 | 5,371.42 | 7,400.92 | 29,934.54 |

## HOURS AND EARNINGS

| | | Current | | YTD | | |
|---|---|---|---|---|---|---|
| Description | Rate | Hours | Earnings | Hours | Earnings | |
| Regular Pay | 24.00000 | 68.50 | 1,644.00 | 1,558.00 | 37,392.00 | |
| PTO - Week Ending 12/7/2013 | 24.00000 | 11.00 | 264.00 | 80.50 | 1,932.00 | |
| WFHM Staff Incentive | | | | | | |
| OverTimePay | 36.00000 | | 120.96 | | 384.12 | |
| Holiday - Week Ending 11/30/2013 | | 0.50 | 18.00 | 21.00 | 756.00 | |
| MTGE Share Referral | | | | 40.00 | 960.00 | |
| OverTimePay - Override | | | | | 1,000.00 | |
| Amount | | | | | 1.96 | |
| Double Time | | | | | | |
| Shift Premium 15% | | | | 4.50 | 216.00 | |
| Shift Premium-OT | | | | 13.50 | 48.60 | |
| | | | | 9.00 | 16.20 | |
| **TOTAL:** | | **80.00** | **2,046.96** | **1,726.50** | **42,706.88** | |

## TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholdng | 39.57 | 933.36 |
| Fed MED/EE | 28.76 | 601.72 |
| Fed OASDI/EE | 122.97 | 2,572.87 |
| CA Withholdng | 41.25 | 848.49 |
| CA OASDI/EE | 19.83 | 414.98 |
| **TOTAL:** | **252.38** | **5,371.42** |

## BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| HRAMedBCBS | 52.62 | 999.78 |
| Den Enhnce | 9.21 | 174.99 |
| VSP Vision | 1.80 | 34.20 |
| WF 401k | 20.47 | 685.20 |
| **TOTAL:** | **84.10** | **1,894.17** |

## AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| WGPS01 Writ of Garnishment | 447.14 | -13,720.61 |
| Company Fee | 1.50 | 6.00 |
| OPTNL Life | 28.15 | 468.25 |
| AD&D - You | 0.75 | 14.25 |
| Optnl LTD | 6.91 | 130.04 |
| WF Roth | 20.47 | 625.08 |
| LTC | 75.08 | 1,426.52 |
| WFSPP | 84.00 | 1,116.00 |
| **TOTAL:** | **664.00** | **5,506.75** |

## NET PAY DISTRIBUTION

| | Paycheck Number | | Account Number | Deposit Amount |
|---|---|---|---|---|
| Direct Deposit | 62183729 | Checking | XXXXX3810 | 1,046.48 |
| **TOTAL:** | | | | **1,046.48** |

**B10 WELLS FARGO BANK N A**
101 NORTH PHILLIPS AVENUE
SIOUX FALLS, SD 57104

HR Wells: 1-877-479-3557

**ROSEMARY ANA PRESSER**
6015 GULLSTRAND ST
SAN DIEGO, CA 92122

| Employee ID: | 00001374565 |
|---|---|
| AU#/CC#: | 0031629 |
| Location: | SDIEGO6165 |
| Job Title: | LOAN DOC SPECIALIST (LO) 3 |
| Pay Begin Date: | 12/15/2013 |
| Pay End Date: | 12/28/2013 |
| Check Date: | 01/03/2014 |

| TAX DATA: | Federal | CA State |
|---|---|---|
| Marital Status: | Single | S/M-2 inc |
| Allowances: | 10 | 10 |
| Addl. Amount: | 0.00 | 0.00 |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 1,920.00 | 1,837.17 | 211.57 | 724.03 | 984.40 |
| YTD | 1,920.00 | 1,837.17 | 211.57 | 724.03 | 984.40 |

## HOURS AND EARNINGS

| Description | Rate | Current Hours | Earnings | YTD Hours | Earnings |
|---|---|---|---|---|---|
| Regular Pay | 24.00000 | 36.00 | 864.00 | 36.00 | 864.00 |
| PTO - Week Ending 12/28/2013 | 24.00000 | 16.00 | 384.00 | 16.00 | 384.00 |
| Misc Absen - Week Ending 12/28/2013 | 24.00000 | 10.00 | 240.00 | 10.00 | 240.00 |
| PTO - Week Ending 12/21/2013 | 24.00000 | 10.00 | 240.00 | 10.00 | 240.00 |
| Holiday - Week Ending 12/28/2013 | 24.00000 | 8.00 | 192.00 | 8.00 | 192.00 |
| **TOTAL:** | | 80.00 | 1,920.00 | 80.00 | 1,920.00 |

### TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholdng | 23.14 | 23.14 |
| Fed MED/EE | 26.92 | 26.92 |
| Fed OASDI/EE | 115.09 | 115.09 |
| CA Withholdng | 27.86 | 27.86 |
| CA OASDI/EE | 18.56 | 18.56 |
| **TOTAL:** | 211.57 | 211.57 |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| HRAMedBCBS | 52.62 | 52.62 |
| Den Enhnce | 9.21 | 9.21 |
| VSP Vision | 1.80 | 1.80 |
| WF 401k | 19.20 | 19.20 |
| **TOTAL:** | 82.83 | 82.83 |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| WGPS01 Writ of Garnishment | 425.61 | 425.61 |
| Company Fee | 1.50 | 1.50 |
| OPTNL Life | 28.15 | 28.15 |
| AD&D - You | 0.75 | 0.75 |
| Optnl LTD | 6.91 | 6.91 |
| WF Roth | 19.20 | 19.20 |
| LTC | 75.08 | 75.08 |
| WFSPP | 84.00 | 84.00 |
| **TOTAL:** | 641.20 | 641.20 |

### NET PAY DISTRIBUTION

| | Paycheck Number | | Account Number | Deposit Amount |
|---|---|---|---|---|
| Direct Deposit | 62451248 | Checking | XXXXX3810 | 984.40 |
| **TOTAL:** | | | | 984.40 |

**B10 WELLS FARGO BANK N A**
101 NORTH PHILLIPS AVENUE
SIOUX FALLS, SD 57104

HR Wells: 1-877-479-3557

| ROSEMARY ANA PRESSER | | | TAX DATA: | Federal | CA State |
|---|---|---|---|---|---|
| 6015 GULLSTRAND ST | Employee ID: | 00001374565 | Marital Status: | Single | S/M-2 inc |
| SAN DIEGO, CA 92122 | AU#/CC#: | 0031629 | Allowances: | 10 | 10 |
| | Location: | SDIEGO6165 | Addl. Amount: | 0.00 | 0.00 |
| | Job Title: | LOAN DOC SPECIALIST (LO) 3 | | | |
| | Pay Begin Date: | 12/29/2013 | | | |
| | Pay End Date: | 01/11/2014 | | | |
| | Check Date: | 01/17/2014 | | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 1,920.00 | 1,835.48 | 211.12 | 723.95 | 984.93 |
| YTD | 3,840.00 | 3,672.65 | 422.69 | 1,447.98 | 1,969.33 |

### HOURS AND EARNINGS

| Description | | Current | | | YTD | | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Rate | Hours | Earnings | Hours | Earnings | Description | | | Current | YTD |
| Regular Pay | 24.00000 | 72.00 | 1,728.00 | 108.00 | 2,592.00 | Fed Withholdng | | | 22.97 | 46.11 |
| Holiday - Week Ending 1/4/2014 | 24.00000 | 8.00 | 192.00 | 16.00 | 384.00 | Fed MED/EE | | | 26.89 | 53.81 |
| PTO - Week Ending 12/21/2013 | | | | 26.00 | 624.00 | Fed OASDI/EE | | | 115.00 | 230.09 |
| Misc Absen - Week Ending 12/28/2013 | | | | 10.00 | 240.00 | CA Withholdng | | | 27.71 | 55.57 |
| | | | | | | CA OASDI/EE | | | 18.55 | 37.11 |
| **TOTAL:** | | **80.00** | **1,920.00** | **160.00** | **3,840.00** | **TOTAL:** | | | **211.12** | **422.69** |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD | Description | Current | YTD |
|---|---|---|---|---|---|
| HRAMedBCBS | 54.20 | 106.82 | WGPS01 Writ of Garnishment | 425.72 | 851.33 |
| Den Enhnce | 9.32 | 18.53 | Company Fee | 1.50 | 3.00 |
| VSP Vision | 1.80 | 3.60 | OPTNL Life | 28.15 | 56.30 |
| WF 401k | 19.20 | 38.40 | AD&D - You | 1.50 | 2.25 |
| | | | Optnl LTD | 4.28 | 11.19 |
| | | | WF Roth | 19.20 | 38.40 |
| | | | LTC | 75.08 | 150.16 |
| | | | WFSPP | 84.00 | 168.00 |
| **TOTAL:** | **84.52** | **167.35** | **TOTAL:** | **639.43** | **1,280.63** |

#### AFTER-TAX DEDUCTIONS

(see right-hand columns above)

### NET PAY DISTRIBUTION

| | Paycheck Number | | Account Number | | Deposit Amount |
|---|---|---|---|---|---|
| Direct Deposit | 62718493 | Checking | XXXXX3810 | | 984.93 |
| **TOTAL:** | | | | | **984.93** |